Tomas Latham - ADC# 152032
Name and Prisoner/Booking Number
A.S.P.C. - Eyman - Cook Unit -
Place of Confinement
P.O. Box 3200
Mailing Address
Florence, Arizona 85132
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

☒ FILED   ☐ LODGED

**Nov 20 2023**

CLERK U.S. DISTRICT COURT
DISTRICT OF ARIZONA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

Tomas Angel Latham,
(Full Name of Plaintiff)

Plaintiff,

v.

(1) P.C.S.O. Deputy B. Gibson,
(Full Name of Defendant)

(2) P.C.S.O. Sheriff Mank T. Lamb,

(3) _____,

(4) _____,

Defendant(s).

☐ Check if there are additional Defendants and attach page 1-A listing them.

CASE NO. CV-23-2429-PHX-GMS (DMF)
(To be supplied by the Clerk)

**CIVIL RIGHTS COMPLAINT
BY A PRISONER**

☒ Original Complaint
☐ First Amended Complaint
☐ Second Amended Complaint

## A. JURISDICTION

1. This Court has jurisdiction over this action pursuant to:
   ☒ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
   ☐ 28 U.S.C. § 1331; *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).
   ☐ Other: _____.

2. Institution/city where violation occurred: P.C.S.O. Substation, 820 E. Cottonwood Ln. Casa Grande, AZ.

**550/555**

**B.  DEFENDANTS**

1.   Name of first Defendant: <u>B. Gibson</u>                    . The first Defendant is employed
as: <u>Sheriff's Officer/Deputy, Badge No. 2366</u> at <u>Pinal County Sheriff's Office</u>  .
     (Position and Title)                                            (Institution)

2.   Name of second Defendant: <u>Mank T. Lamb</u>           . The second Defendant is employed as:
as: <u>P.C.S.O. Sheriff</u>                at <u>Pinal County Sheriff's Office</u>  
     (Position and Title)                                            (Institution)

3.   Name of third Defendant: _____. The third Defendant is employed
as: _____ at _____
     (Position and Title)                                            (Institution)

4.   Name of fourth Defendant: _____. The fourth Defendant is employed
as: _____ at _____
     (Position and Title)                                            (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

**C.  PREVIOUS LAWSUITS**

1.   Have you filed any other lawsuits while you were a prisoner?          ☒ Yes          ☐ No

2.   If yes, how many lawsuits have you filed? <u>1</u>  .   Describe the previous lawsuits:

   a.  First prior lawsuit:
       1.  Parties: <u>Tomas Latham (Plaintiff)</u> v. <u>Naphcare Incorporated, etal. (Defendants)</u>
       2.  Court and case number: <u>U.S. District Court - District of Arizona - Case No. CV-23-02060-PHX-GMS</u>
                                                                                      (DMF)
       3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?) <u>This case</u>
           <u>is still pending.</u>

   b.  Second prior lawsuit:
       1.  Parties: _____ v. _____
       2.  Court and case number: _____.
       3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
           _____.

   c.  Third prior lawsuit:
       1.  Parties: _____ v. _____
       2.  Court and case number: _____.
       3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
           _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

## D.  CAUSE OF ACTION

### COUNT I

1.  State the constitutional or other federal civil right that was violated: Violation of the 14th, 8th, and 4th Amendment to the U.S. Constitution - Defendant P.C.S.O. Deputy B. Gibson.

2.  **Count I.**  Identify the issue involved.  Check **only one.**  State additional issues in separate counts.
    - ☐ Basic necessities
    - ☐ Mail
    - ☐ Access to the court
    - ☐ Medical care
    - ☐ Disciplinary proceedings
    - ☐ Property
    - ☐ Exercise of religion
    - ☐ Retaliation
    - ☒ Excessive force by an officer
    - ☐ Threat to safety
    - ☐ Other: _____

3.  **Supporting Facts.**  State as briefly as possible the FACTS supporting Count I.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

    1. Plaintiff Tomas Latham (herein "Plaintiff") is alleging that he suffered an unnecessary excessive force assault by Pinal County Sheriff's Officer Deputy B. Gibson (herein "Defendant Gibson"), Badge No. 2366, shortly after Defendant Gibson arrested him. Plaintiff is filing this complaint against Defendant Gibson in his individual and official capacity. Plaintiff alleges that Defendant Gibson willfully deprived him of his Constitutional rights while acting under color of law and caused severe bodily injury, pain, and terror. The Plaintiff hereby states the following facts:

    2. At approximately 11:00 p.m. on April 21st, 2023, Plaintiff was riding his bike on Jimmie Kerr Blvd. in Casa Grande, Arizona when he was pulled over by Defendant Gibson for not having a light on the back of his bike - only a reflector - and for riding the wrong way. Plaintiff then stopped on the side of the road and, out of view from Defendant Gibson, swallowed one of the amounts of methamphetamine in his possession; this would later make the Plaintiff very sick. Defendant Gibson then approached the Plaintiff and requested identification. The Plaintiff said he didn't have his ID, as he forgot it was in his back pocket. Plaintiff then provided (next page)➡

4.  **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).
    Serious bodily injury consisting of optical nerve damage to the right eye, severe bodily injury from a laceration above the right eye that caused scarring, and psychological terror including, but not limited to: P.T.S.D., anxiety, and trust issues of authority figures.

5.  **Administrative Remedies:**
    a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?    ☒ Yes  ☐ No
    b.  Did you submit a request for administrative relief on Count I?    ☐ Yes  ☒ No
    c.  Did you appeal your request for relief on Count I to the highest level?    ☐ Yes  ☒ No
    d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.  Administrative remedies do not apply to an excessive force complaint against an arresting officer.

3

Defendant Gibson with his birth name Tomas Ledezma Latham, his birthdate, and his social security number. Defendant Gibson was then joined by an assisting deputy from the Pinal County Sheriff's Office (herein "P.C.S.O.") by the name of Deputy A. Romero (herein "Deputy Romero"), Badge No. 2469. Shortly after Deputy Romero arrived on scene, both deputies placed the Plaintiff under arrest for an active arrest warrant and they removed the Plaintiff from his bicycle to complete the arrest. Defendant Gibson then searched the Plaintiff and found his state ID in his pocket. Defendant Gibson asked the Plaintiff if he had any weapons or other contraband on him and he said "[N]o." Defendant Gibson then told the Plaintiff that if he brought any contraband into jail he would receive another charge and the Plaintiff admitted to being in possession of a small amount of methamphetamine in his pants. Defendant Gibson seized the methamphetamine and told the Plaintiff that he could "let it go because it is such a small amount." Upon being placed into the patrol vehicle, the Plaintiff informed Defendant Gibson that he didn't "feel well." When Defendant Gibson got into the patrol vehicle, the Plaintiff told him that he was "feeling symptoms of high blood pressure" and that he did not "feel good" because he "swallowed some shit." Defendant Gibson said he would call the fire department and have them meet them at the substation.

3. Defendant Gibson then transported the Plaintiff to the P.C.S.O. Substation on 820 E. Cottonwood Ln, in Casa Grande, Arizona. At the Substation, the Plaintiff was walked in, while handcuffed, and

evaluated by the paramedics from the Casa Grande Fire Department; Defendant Gibson temporarily left the room. The paramedics said the Plaintiff's blood pressure was high and when Defendant Gibson returned, they informed him that the Plaintiff should go to the hospital. Defendant Gibson said he would transport the Plaintiff to Banner Casa Grande Hospital. Defendant Gibson then started making threatening and derogatory comments to the Plaintiff regarding his criminal history. Defendant Gibson said to the Plaintiff "[O]h, you're from those yards! Everybody from those yards are child molesters and pedophiles!" and "[N]ow I'm going to charge you with the meth and for hiding it from me." A verbal argument ensued and both the Plaintiff and Defendant Gibson yelled at each other and called each other names.

4. Then while still handcuffed behind his back, the Plaintiff was aggressively pulled up by Defendant Gibson by the linking chain of the handcuffs; Defendant Gibson slammed him twice into a nearby doorjam and seemed to be attempting to strike the Plaintiff's head but only injured his right side. Defendant Gibson then seemed to become infuriated and he swiped the Plaintiff off of his feet and slammed his head face first into the concrete floor. Plaintiff's face above his right eye was cut open and he temporarily lost consciousness. As the Plaintiff started to wake up he realized he was being dragged outside by Defendant Gibson, who dragged him all the way to the patrol vehicle all while the Plaintiff's pants were down. At the patrol vehicle, Defendant Gibson picked up the Plaintiff by the handcuffs again and slammed him against the vehicle. In a disgusted manner,

3-B

Defendant Gibson looked at the Plaintiff's pants that had fallen down and said "[C]ome on!" Plaintiff then became sick and vomitted onto the patrol vehicle. Defendant Gibson then threw the Plaintiff into the vehicle, slammed the door and walked away.

5. Another deputy walked over to the patrol vehicle - later identified as P.C.S.O. Deputy B. Reibschied (herin "Deputy Reibschied"), Badge No. 2560 - and he opened the door and began to speak with the Plaintiff. The Plaintiff asked Deputy Reibschied to loosen his handcuffs as they were too tight and asked him to keep Defendant Gibson away from him because he feared for his life; Plaintiff said to him "I thought he was trying to kill me!" At this point Defendant Gibson was walking back to the patrol vehicle and heard the Plaintiff say to Deputy Reibschied "[H]e threw me to the ground!" Defendant Gibson yelled to the Plaintiff "[Y]ou threw yourself to the ground!" Deputy Reibschied then pulled the Plaintiff out of the vehicle, loosened the handcuffs, said he had not seen what happened-what had occurred in the substation - and that he would take the Plaintiff to the hospital. Deputy Reibschied placed the Plaintiff back into the Patrol vehicle and put his seatbelt on. Defendant Gibson then took ten(10) minutes or so to wash the vomit off of his patrol vehicle.

6. Defendant Gibson got into the patrol vehicle and said to the Plaintiff "[Y]ou got what you deserved." The Plaintiff responded by saying [Y]ou're not gonna get away with this, I'm

3-C

gonna get you in trouble for what you did to me!" Defendant Gibson then drove the Plaintiff to the hospital.

       7. Once at the hospital, Plaintiff was strapped down to a gurney by hospital security. Plaintiff's eye was swollen shut, full of blood, and he was unable to see clearly. A doctor ordered a CAT scan and put eight (8) stitches into the laceration above the Plaintiff's right eye. Plaintiff continued to be in fear of Defendant Gibson and asked the hospital staff to call the Casa Grande Police Department or P.C.S.O. to have a different officer transport him. Eventually another unidentified P.C.S.O. deputy transferred the Plaintiff to county jail.

       8. Several months later, on or about July 8th, 2023, while the Plaintiff was serving his prison sentence at A.S.P.C. - Eyman - Cook Unit, he was seen by an optometrist. The optometrist evaluated his right eye and told the Plaintiff "[Y]ou have nerve damage. Your pupil doesn't contract properly. I don't have the equipment here to properly evaluate it. You need to see a specialist. I'll make the referral." As of the date of this Complaint, Plaintiff has not yet seen an eye specialist.

       9. In any excessive force case regardless of the status of the Plaintiff (prisoner, pretrial detainee, or arrestee), two hurdles must be cleared. First, is the threshold requirement that the Plaintiff demonstrate that he or she was harmed by the use of force. Second, the plaintiff must show that the use of force was not

3-D

justified at all or, if it was, that its use in the context of the case was excessive. Plaintiff can pass the first hurdle easily by presenting various medical records that will show the harm he suffered. The Plaintiff can pass the second hurdle once further discovery is obtained including the substation video footage and witness testimony. At no point did the Plaintiff physically attack or pose a significant threat to Defendant Gibson, anyone else, or anything else. Therefore, Defendant Gibson's use of force was unnecessary, unreasonable and was applied maliciously and sadistically to cause a wanton infliction of pain, serious bodily injury, and severe bodily injury. Not to mention, after assaulting the Plaintiff and in the face of a medical emergency, Defendant Gibson neglected the Plaintiff's need to go to the hospital and instead washed his vehicle; this action continued to victimize the Plaintiff and showed how indifferent Defendant Gibson was to Plaintiff's well-being. Also, pending a specialist visit, Plaintiff's eye injury may end up being permanent.

10. The Plaintiff will show that the report from the Casa Grande Fire Department contradicts what Defendant Gibson put into his report for incident. The report for incident completed by Deputy Reibschied will support Plaintiff's allegation that a serious injury occurred in the substation. Plaintiff is also confident that the video footage preserved by the Pinal County Sheriff's Office-Department substation footage - showing the excessive force incident, will support Plaintiff's alleged facts.

11. The following is a list of Plaintiff's exhibits that he'll present and that are currently in his possession:

A. P.C.S.O. Deputy(s) Report for Incident 230422002

B. Casa Grande Fire Department Pre-Hospital Care Report - Incident Number: 2023-00004081

C. P.C.S.O. Substation - 820 E. Cottonwood Ln. in Casa Grande, Arizona - Preserved Building Footage for 9:00 P.M. April 21st, 2023, through 6:00 A.M. April 22nd, 2023.

D. All Plaintiff's current and future medical records applicable to this Civil Rights Complaint.

## COUNT II

1. State the constitutional or other federal civil right that was violated: Violation of the 14th, 8th, and 4th Amendment to the U.S. Constitution – Defendant P.C.S.O. Sheriff Mark T. Lamb.

2. **Count II.** Identify the issue involved. Check **only one**. State additional issues in separate counts.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☐ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☒ Excessive force by an officer
   - ☐ Threat to safety
   - ☐ Other: _____

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Count II. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   Plaintiff Tomas Latham (herein "Plaintiff") again alleges all facts stated in Count I of this complaint and hereby applies them and reaffirms them in this count. Plaintiff is alleging that he suffered an unnecessary excessive force assault by Pinal County Sheriff's Officer Deputy B. Gibson (herein "Defendant Gibson"), Badge No. 2366, shortly after Defendant Gibson arrested him on April 21st, 2023. At the time Defendant Gibson used excessive force against the Plaintiff, the Pinal County Sheriff's Office (herein "P.C.S.O.") Sheriff was Mark T. Lamb (herein "Defendant Lamb"). This count is against Defendant Lamb in his official capacity as he is the ultimate bearer of responsibility at P.C.S.O. for hiring, training, policy compliance, management, supervision, and investigation of excessive force claims. On September 5th 2023, a Notice of Claim was sent – in an attempt by the Plaintiff to settle and address this excessive force – via inmate legal mail directly to Defendant Lamb. As far as Plaintiff knows, Defendant Lamb has not investigated this claim and he is therefore indifferent to the incident as he either knew or should have known of the Plaintiff's allegations and responded appropriately. Defendant Lamb violated the Plaintiff's constitutional rights while acting under the color of law.

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

   Serious bodily injury consisting of optical nerve damage to the right eye, severe bodily injury from a laceration above the right eye that caused scarring, and psychological terror including, but not limited to: P.T.S.D., anxiety, and trust issues of authority figures.

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☒ Yes ☐ No
   b. Did you submit a request for administrative relief on Count II? ☐ Yes ☒ No
   c. Did you appeal your request for relief on Count II to the highest level? ☐ Yes ☒ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. Administrative remedies do not apply to an excessive force complaint at the time of arrest.

## COUNT III

1.    State the constitutional or other federal civil right that was violated: _____
_____

2.    **Count III.**   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.

☐ Basic necessities          ☐ Mail                   ☐ Access to the court       ☐ Medical care
☐ Disciplinary proceedings   ☐ Property               ☐ Exercise of religion      ☐ Retaliation
☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____.

3.    **Supporting Facts.**   State as briefly as possible the FACTS supporting Count III.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

4.    **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____

5.    **Administrative Remedies.**
   a.    Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                          ☐ Yes      ☐ No
   b.    Did you submit a request for administrative relief on Count III?          ☐ Yes      ☐ No
   c.    Did you appeal your request for relief on Count III to the highest level?   ☐ Yes      ☐ No
   d.    If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.  _____
_____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

## E.   REQUEST FOR RELIEF

State the relief you are seeking:

Compensatory damages to be determined upon further evaluation by an optometry specialist; plus all court fees and costs. Punitive damages in the amount of $175,000.00 U.S. Dollars. Injunctive relief that orders the Pinal County Sheriff's Office to fully restructure their policy to both prevent unnecessary excessive force and investigate claims of unnecessary excessive force appropriately. Declaratory relief and all other relief the Court deems just and proper.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____11-20-2023_____          _Torres Luther_
               DATE          SIGNATURE OF PLAINTIFF

_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)

_____
(Signature of attorney, if any)

_____
(Attorney's address & telephone number)

### ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.   But the form must be completely filled in to the extent applicable. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.