# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tomas Latham, | No. CV-23-02429-PHX-GMS (DMF) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| B. Gibson, et al., | |
| Defendants. | |

**TO THE HONORABLE G. MURRAY SNOW, SENIOR UNITED STATES DISTRICT JUDGE:**

This matter is referred to the undersigned United States Magistrate Judge pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1) (Doc. 6 at 7).

This matter is before the Court on Plaintiff's Motion for Leave to Amend Complaint (Doc. 23) and Plaintiff's lodged proposed First Amended Complaint (Doc. 24). A response in opposition to the motion to amend was filed by Defendant Gibson (Doc. 25). Plaintiff filed a reply in support of his motion to amend and proposed First Amended Complaint (Doc. 26).

As set forth below, it is recommended that Plaintiff's Motion for Leave to Amend Complaint (Doc. 23) be denied.[1]

---

[1] Because futility is addressed herein, undersigned proceeds by Report and Recommendation rather than order denying the motion for leave to amend based solely on Plaintiff's failure to comply with LRCiv 15.1 and orders of the Court. *See Morgal v. Maricopa Cnty. Bd. of Sup'rs*, 284 F.R.D. 452, 458 (D. Ariz. 2012).

## I. PROCEDURAL HISTORY AND POSTURE

On November 20, 2023, Plaintiff filed a Complaint initiating this matter (Doc. 1). The Complaint contained two counts and named two defendants, Defendant Gibson and Defendant Lamb (*Id.*). Count One was directed to Defendant Gibson (*Id.* at 3-9); Count Two was directed to Defendant Lamb (*Id.* at 10).

In its April 4, 2024, screening and service order ("Screening and Service Order"), the Court dismissed Count Two and Defendant Lamb without prejudice for failure to state a claim, and the Court ordered that Defendant Gibson must answer Count One of Plaintiff's Complaint (Doc. 6). The Court summarized the claims and alleged facts in the Complaint as follows:

> In his two-count Complaint, Plaintiff names Pinal County Sheriff Mark Lamb and Pinal County Sheriff's Deputy B. Gibson as Defendants.
>
> Plaintiff alleges two excessive force claims, for which he seeks monetary and declaratory relief, as well as punitive damages. Plaintiff's claims arise from a common core of operative facts, as follows: On April 21, 2023, Plaintiff was arrested by Gibson. During the arrest, Plaintiff swallowed "one of the amounts of methamphetamine" that he was carrying. After being transported by Gibson to a police substation, Plaintiff complained that he was beginning to feel ill as a result of ingesting the methamphetamine. The fire department was summoned, and, after examining Plaintiff, the paramedics determined that he should be taken to the hospital. Gibson "then started making threatening and derogatory comments to the Plaintiff regarding his criminal history." "A verbal argument ensured, and both the Plaintiff and Defendant Gibson yelled at each other and called each other names." Gibson then "aggressively pulled up [Plaintiff] . . . by the linking chain of the handcuffs," and "slammed [Plaintiff] twice into a nearby doorjam[b]." Gibson then "swiped Plaintiff off of his feet and slammed his head face first into the concrete floor," cutting Plaintiff's forehead and knocking him unconscious. Gibson then "dragged" Plaintiff outside "all the way to the patrol vehicle," and "slammed" Plaintiff into it. Plaintiff became ill and vomited into the vehicle, at which point Gibson "threw the Plaintiff into the vehicle, slammed the door and walked away." Plaintiff was eventually taken to the hospital; the cut on his forehead required stitches, and he was later told that he had suffered nerve damage in his eye.

(*Id.* at 3). The Court found that "[l]iberally construed, Plaintiff has sufficiently stated a

Fourth Amendment excessive force claim against Gibson in Count One, and Gibson will thus be required to answer that portion of the Complaint" (*Id.* at 4). Regarding Count Two and Defendant Lamb, the Court stated:

> In Count Two, Plaintiff asserts that Defendant Lamb "is the ultimate bearer of responsibility at [the Pima County Sheriff's Department] for hiring, training, policy compliance, management, supervision, and investigation of excessive force claims." To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant. *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976). There is no respondeat superior liability under § 1983, and therefore, a defendant's position as the supervisor of persons who allegedly violated Plaintiff's constitutional rights does not impose liability. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Hamilton v. Endell*, 981 F.2d 1062, 1067 (9th Cir. 1992); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.
>
> Plaintiff has not alleged that Defendant Lamb personally participated in a deprivation of Plaintiff's constitutional rights, or was aware of a deprivation and failed to act. Nor has Plaintiff alleged that any policies promulgated by Lamb caused his alleged injuries. Although pro se pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action. *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. *Id.* Accordingly, Plaintiff has failed to state a claim in Count Two, and it will thus be dismissed.

(*Id.* at 3-4).

In the Screening and Service Order, the Court also ordered that "[i]f Plaintiff attempts to amend to address the shortcomings identified in this Order, the amended complaint must be **retyped or rewritten in its entirety (including those claims and Defendants that were not dismissed)**" and that "Plaintiff must comply with Rule 15 of the Federal Rules of Civil Procedure and Rule 15.1 of the Local Rules of Civil Procedure"

(*Id*. at 6 (emphasis added)). Further, Plaintiff was warned that "[i]f Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice" (*Id.* at 5, citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court)).

On July 9, 2024, Defendant Gibson filed an Answer (Doc. 13). Also on July 9, 2024, the Court issued a Scheduling and Discovery Order (Doc. 14). In the three months between the Screening and Service Order and the Scheduling and Discovery Order, Plaintiff made no attempt to amend his Complaint to address the shortcomings identified in the Screening and Service Order or otherwise.

The Scheduling and Discovery Order states that:

> [f]or the orderly management of this matter, any motions to amend the complaint or to add parties shall be filed **promptly** and not later than **September 6, 2024**. Noteworthy is that Plaintiff had three (3) months since the Court's Screening Order to file a proposed amended complaint, but has not done so. Any motion to amend the complaint or add parties must specifically state why the proposed amendment(s) were not sought sooner. Discovery and other litigation matters shall proceed on the operating complaint claims and defendants pending decision by the Court as to whether leave to amend or to add parties will be granted.

(Doc. 14 at 1-2, ¶ 1 (emphasis in original)). In addition, the Scheduling and Discovery Order required that "[a]ll motions to amend the complaint, to add parties, or to file a supplemental complaint must comply with Rules of Practice of the U.S. District Court for the District of Arizona ("LRCiv") 15.1" (*Id.* at 2, ¶ 1).

## II. PLAINTIFF'S MOTION TO AMEND AND PROPOSED FIRST AMENDED COMPLAINT (Docs. 23, 24)

On September 4, 2024, Plaintiff's Motion for Leave to Amend Complaint, which Plaintiff signed on August 26, 2024, was filed with the Court (Doc. 23). Plaintiff's motion to amend states that "[a]fter extensive research, Plaintiff believes justice requires this amended complaint" (*Id.* at 1; *see also id.* at 3). Also on September 4, 2024, Plaintiff's

proposed First Amended Complaint, which Plaintiff signed on September 3, 2024, was lodged with the Court (Doc. 24).

Defendant Gibson filed a response in opposition to Plaintiff's motion to amend, arguing that Plaintiff's motion should be denied because: (1) Plaintiff failed to comply with LRCiv 15.1; (2) Plaintiff's reason for delay in amending is insufficient to allow amendment at this time; and (3) Plaintiff's proposed First Amended Complaint's additional claims against Pinal County and against Pinal County Sheriff's Officer B. Reibscheid, which are rooted in the April 2023 alleged events referenced in the original Complaint, are futile (Doc. 25).

Plaintiff filed a reply in support of his motion to amend (Doc. 26).

### III.   PLAINTIFF FAILED TO COMPLY WITH LRCiv 15.1

As set forth in the Screening and Service Order, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity, 28 U.S.C. § 1915A(a), and the Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief, 28 U.S.C. § 1915A(b)(1)-(2) (Doc. 6 at 2).  Also, an amended complaint, if allowed, would supersede the previous complaint. *Ferdik*, 963 F.2d at 1262; *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the Court treats the original complaint and all prior amended complaints as nonexistent.  *Ferdik*, 963 F.2d at 1262.

It is clear from the filings that Plaintiff did not comply with LRCiv 15.1, which states:

> **(a)  Amendment by Motion.**  A party who moves for leave to amend a pleading must attach a copy of the proposed amended pleading as an exhibit to the motion, which must indicate in what respect it differs from the pleading which it amends, by bracketing or striking through the text to be deleted and underlining the text to be added.  The proposed amended pleading must not incorporate by reference any part of the preceding pleading, including exhibits.  If a motion for leave to amend is granted, the party whose pleading

was amended must file and serve the amended pleading on all parties under Rule 5 of the Federal Rules of Civil Procedure within fourteen (14) days of the filing of the order granting leave to amend, unless the Court orders otherwise.

**(b) Amendment as a Matter of Course or by Consent.** If a party files an amended pleading as a matter of course or with the opposing party's written consent, the amending party must file a separate notice of filing the amended pleading. The notice must attach a copy of the amended pleading that indicates in what respect it differs from the pleading which it amends, by bracketing or striking through the text that was deleted and underlining the text that was added. The amended pleading must not incorporate by reference any part of the preceding pleading, including exhibits. If an amended pleading is filed with the opposing party's written consent, the notice must so certify.

Compliance with LRCiv 15.1 allows the Court to properly screen any proposed amended complaint and to do so consistently with the previous screening order in a case. Further, a district court's local rules are not petty requirements but have "the force of law." *Hollingsworth v. Perry*, 558 U.S. 183, 191 (2010) (citation omitted).

In his reply, Plaintiff asserts that he was "under the impression that he was following Rule 15" (Doc. 26 at 2-3 (underline omitted)). Nevertheless, Plaintiff's additional statements indicate that Plaintiff chose not to comply with LRCiv 15.1 despite the Court's Orders:

Plaintiff attempted to make it clear in his Motion for Leave to Amend Complaint that he was adding two (2) Defendants to his Amended Complaint, meaning he was adding two (2) counts. Counts II (2) and III (3) were new counts and Count I (1) remained the same. Plaintiff did not feel it was necessary to underline all of Count II (2) and Count III (3) due to expressing this in his motion for leave but will do so if the Court requires.

(*Id.* at 2). Undeniably, the Screening and Service Order expressly stated that "[i]f Plaintiff attempts to amend to address the shortcomings identified in this Order, the amended complaint must be **retyped or rewritten in its entirety (including those claims and Defendants that were not dismissed)**" and that "Plaintiff must comply with Rule 15 of

- 6 -

the Federal Rules of Civil Procedure and Rule 15.1 of the Local Rules of Civil Procedure" (Doc. 6 at 6 (emphasis added)).  Further, the Scheduling and Discovery Order again reminded Plaintiff of the need to comply with LRCiv 15.1 (Doc. 14 at 1-2, ¶ 1). Additionally, Plaintiff's pending motion to amend is vague about the additional defendants and claim(s) which Plaintiff seeks to add; the motion to amend states that "[a]n amended complaint in this claim will add two more defendants who Plaintiff is alleging had a responsibility to act professionally and ethically and yet failed to do so" (Doc. 23 at 5). Indeed, the motion to amend was signed about a week before the lodged proposed First Amended Complaint (Docs. 23, 24).  The motion to amend reports Plaintiff is "working on" a proposed first amended complaint "presently to submit to the Court as promptly as possible" (Doc. 23 at 1).

Moreover, even a quick comparison of the Complaint (Doc. 1) and Plaintiff's lodged proposed First Amended Complaint (Doc. 24) reflects that Plaintiff made other changes to his lodged proposed First Amended Complaint not discussed in his motion or reply.  For example, two lawsuits are listed on the lodged proposed First Amended Complaint (Doc. 24 at 2) rather than one as on the original Complaint (Doc. 1 at 2).  Also, new Count II of the lodged proposed First Amended Complaint (Doc. 24 at 10-11) makes new assertions pertaining to Defendant Gibson's liability for his asserted actions in previously screened Complaint Count I (Doc. 1 at 3-9).  New Count II of the lodged proposed First Amended Complaint asserts that Plaintiff sent a notice of claim against Defendant Gibson in September 2023 to which Defendant Gibson did not respond (Doc. 24 at 10-11).  Plaintiff asserts in new Count II of the lodged proposed First Amended Complaint that this failure to respond "is a clear indication" that Defendant Gibson has "no defense against the Plaintiff's allegations" (*Id.* at 11).

In LRCiv 15.1, the Court's rules place the responsibility for highlighting all changes to a proposed amended complaint on the party seeking amendment; Plaintiff is not authorized to shift the burden to discover and discern the changes in a proposed amended complaint to the opposing party or the Court.  Plaintiff's reply comment that Plaintiff has

decided that he is now willing to comply with LRCiv 15.1[2] is insufficient cure at this stage of the proceedings and over six months from the Screening and Service Order (Doc. 6).

In short, Plaintiff's argument that his motion to amend was an adequate substitute for required compliance with LRCiv 15.1 fails. Plaintiff's motion to amend should be denied for failure to comply with LRCiv 15.1 and for failure to comply with the Court's Orders instructing and warning Plaintiff of his obligation to do so (Docs. 6, 14).[3]

## IV. PLAINTIFF'S PROPOSED LODGED FIRST AMENDED COMPLAINT SEEKS TO ADD FUTILE CLAIMS

Defendant also argues that Plaintiff's motion to amend should be denied because the proposed additional claims against two additional defendants in Plaintiff's lodged proposed First Amended Complaint are futile (Doc. 25 at 2-5).

The Court's Screening and Service Order recounted the obligation of the Court to screen any claims Plaintiff seeks to bring in this matter:

> The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).
>
> A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*
>
> "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (*quoting Bell Atlantic*

---

[2] "Plaintiff did not feel it was necessary to underline all of Count II (2) and Count III (3) due to expressing this in his motion for leave but will do so if the Court requires" (Doc. 26 at 2).

[3] *See supra* note 1.

> *Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.
>
> But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe pro se filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by *a pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

(Doc. 6 at 2).

Rule 15(a) of the Federal Rules of Civil Procedure provides that a plaintiff should be given leave to amend his complaint when justice so requires. Granting or denying leave to amend is a matter committed to the Court's discretion. *Hartmann v. California Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1129 (9th Cir. 2013). While leave to amend should be freely given, leave to amend should not be granted automatically. *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990). Leave to amend need not be granted if, among other factors, the Court determines that there has been a showing of: (1) undue delay; (2) bad faith or dilatory motives on the part of the movant; (3) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party; or (5) futility of the proposed amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Desertrain v. Los Angeles*, 754 F.3d 1147, 1154 (9th Cir. 2014).

Under Rule 15(a), futility of amendment is sufficient to justify denial of a motion for leave to amend. *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010). A proposed amended complaint is futile if, accepting all of the facts alleged as true, it would be immediately "subject to dismissal" for failure to state a claim on which relief may be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See*

*Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998).

Here, Defendant Gibson argues that Plaintiff's motion to amend should be denied as futile regarding new Count II against Pinal County:

> Plaintiff's amended complaint, at Count II, proposes a Fourth Amendment claim against Pinal County based on *respondeat superior* liability. The doctrine *of respondeat superior* does not apply to 42 U.S.C. § 1983 claims against municipalities. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 478 (1986) (citing *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 691 (1978)). In other words, municipal liability is not established merely by showing that a municipal employee committed a constitutional tort while within the scope of employment. *See id.* at 478-79. For liability to attach to a municipality, a plaintiff must establish that the wrongful act complained of was somehow caused by the municipality. *Monell*, 436 U.S. at 691-95. A municipality may be held liable "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Id.* at 694. A plaintiff seeking to impose liability on a municipality due to an official policy must establish the existence of a formal policy pursuant to which the defendant was acting when he or she violated the plaintiff's rights. *See Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir.1996). "[A]n [alleged unconstitutional act by] a police officer cannot, without more, be thought to result from official policy." *City of St. Louis v. Praprotnik*, 485 U.S. 112, 123, 7 (1988) (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 821 (1985)). Plaintiff's proposed Fourth Amendment claim against Pinal County is based solely on respondeat superior liability and fails to identify a formally adopted policy or long-standing custom or practice of Pinal County that caused an alleged Fourth Amendment violation. The proposed claim against Pinal County is futile as it would not withstand § 1915 pre-screening, or a Rule 12(b) motion to dismiss.

(Doc. 25 at 3).

Defendant Gibson also argues that Plaintiff's motion to amend should be denied as futile regarding new Count III against Pinal County Sheriff's Office Deputy Reibschied:

> Plaintiff's amended complaint, at Count III, proposes a Fourth Amendment claim against Pinal County Deputy Reibschied. The doctrine of qualified immunity protects government officials, including police officers, from liability when their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396

(1982). Qualified immunity is "an immunity from suit rather than a mere defense to liability" and is "effectively lost if a case is erroneously permitted to go to trial." *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985). Thus, the court must resolve questions of qualified immunity "at the earliest possible stage in the litigation." *Hunter v. Bryant*, 502 U.S. 224, 227, 112 S.Ct. 534, 116 L.Ed.2d 589 (1991) (per curiam). In the amended complaint, Deputy Reibschied is alleged to have been in another room when he allegedly heard a "thump," which Plaintiff alleges was a use of force by Deputy Gibson, and to have allegedly failed to investigate Plaintiff's complaints about excessive use of force. Even if true, this does not create liability for Deputy Reibschied. A police officer is entitled to qualified immunity in a § 1983 action unless (1) the facts, when taken in the light most favorable to the plaintiff, show that the officer's conduct violated a constitutional right; and (2) the right was clearly established at the time of the alleged misconduct. *Saucier v. Katz*, 533 U.S. 194, 201 (2001), overruled on other grounds by *Pearson v. Callahan*, 555 U.S. 223 (2009). "[P]olice officers have a duty to intercede when their fellow officers violate the constitutional right of a suspect or other citizen." *Cunningham v. Gates*, 229 F.3d 1271, 1289 (9th Cir. 2000). Accordingly, if an officer fails to intervene when fellow officers use excessive force, despite not acting to apply the force, he would be responsible for violating the Fourth Amendment. *United States v. Koon*, 34 F.3d 1416, 1447 n. 25 (9th Cir. 1994) rev'd in part on other grounds, 518 U.S. 81 (1996). However, to state a Fourth Amendment claim for failure to intervene, a plaintiff must provide specific plausible factual allegations demonstrating that the defendant officer had "a realistic opportunity" to intercede. *See Cunningham*, 229 F.3d at 1289; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to state a claim for relief, a claim must be factually plausible – that is, the plaintiff must plead sufficient factual content for the court to draw the reasonable inference that the defendant is liable for the misconduct alleged). Hearing a "thump" while in another room is, on the face of the allegation, insufficient to plausibly show that Deputy Reibschied could have intervened with an alleged, spontaneous use of force in another room under the standard announced in Cunningham. Plaintiff would also need to show precedent clearly establishing Deputy Reibschied had both an obligation and a "realistic opportunity to intercede" by stopping an unreasonable use of force and then investigating it. *Penaloza v. City of Rialto*, 836 F. App'x 547, 549 (9th Cir. 2020). Deputy Gibson is unaware of any authority that would have clearly established that Reibschied's alleged acts or omissions violate constitutional law. The proposed claim against Reibschied is futile as it would not withstand § 1915 pre-screening, or a Rule 12(b) motion to dismiss.

(Doc. 25 at 4-5).

- 11 -

1  Upon careful review, the Court agrees with Defendant Gibson regarding futility of
2  new Counts II and III of the proposed First Amended Complaint (Doc. 24). Proposed new
3  Count II against Pinal County asserts that Pinal County "is liable for the actions of its
4  employees while acting within the scope of their employment or while on duty" (Doc. 24
5  at 10). Even Plaintiff's reply describes his proposed new claim in Count II against Pinal
6  County as a possible claim and a claim by implication (Doc. 26 at 3-4). This is legally
7  insufficient. Further, the proposed Fourth Amendment claim in Count III against
8  Reibschied asserts that Reibschied "fail[ed] to act **after** an alleged assault" on Plaintiff by
9  Defendant Gibson (Doc. 24 at 12 (emphasis added)), and Plaintiff does not offer any
10 authority supporting any obligation by Reibschied to investigate Defendant Gibson (Doc.
11 26). Indeed, Plaintiff offers no legal authority of a constitutional claim against Reibschied
12 despite Plaintiff's insistence that the proposed amendments were the result of his additional
13 legal research (Docs. 23, 26). Moreover, the original Complaint Count II made similar
14 allegations that dismissed Defendant Lamb became aware of the alleged actions by
15 Defendant Gibson after the events but failed to investigate, thereby violating Plaintiff's
16 constitutional rights (Doc. 1 at 10); this claim was previously dismissed by the Court's
17 Screening and Service Order for failure to state a claim (Doc. 6).

18 Thus, Plaintiff's motion to amend should be denied based on futility.

## VI.   CONCLUSION

Plaintiff's Motion for Leave to Amend Complaint (Doc. 23) and Plaintiff's lodged proposed First Amended Complaint (Doc. 24) fail to comply with LRCiv 15.1 and this Court's previous orders. In addition, the new claims presented in Plaintiff's lodged proposed First Amended Complaint (Doc. 24) are futile. For either or both reasons, Plaintiff's motion to amend (Doc. 23) should be denied.

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's Motion for Leave to Amend Complaint (Doc. 23; *see also* Doc. 24) be denied.

This recommendation is not an order that is immediately appealable to the Ninth

Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. The parties shall have fourteen days within which to file responses to any objections. Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to file timely objections to any factual determination of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72.

"Unless otherwise permitted by the Court, an objection to a Report and Recommendation issued by a Magistrate Judge shall not exceed ten (10) pages." LRCiv 7.2(e)(3).

Dated this 14th day of November, 2024.

_____
Honorable Deborah M. Fine
United States Magistrate Judge