**JELLISON LAW OFFICES, PLLC**
18801 North Thompson Peak Parkway
Suite D235
Scottsdale, Arizona 85255
Telephone: 480.659.4244
Facsimile: 480.659.4255
JAMES M. JELLISON, ESQ., #012763
E: jim@jellisonlaw.com
*Counsel for Pinal County Sheriff's Deputy B. Gibson*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE STATE OF ARIZONA**

| | |
|---|---|
| Tomas Latham,<br><br>Plaintiff,<br><br>v.<br><br>B. Gibson, et al.,<br><br>Defendants. | Case No. CV-23-02429-PHX-GMS (DMF)<br><br>**DEFENDANT'S MOTION TO COMPEL PLAINTIFF'S DISCOVERY RESPONSES AND ATTENDANCE AT DEPOSITION** |

Pursuant to Fed.R.Civ.P. 37(a)(3)(B) and LRCiv. 37.1, and the Court's Scheduling Order (Doc. 14), Defendant Gibson ("Defendant"), by and through counsel undersigned, respectfully submits his Motion to Compel discovery as follows: 1) an order compelling Plaintiff Latham to appear for and complete his own deposition; 2) an order compelling Plaintiff Latham to sign and return HIPAA release forms for medical information; and 3) an order compelling Plaintiff Latham to submit proper and complete responses to Defendant's Non-Uniform Interrogatories 8 and 13.

This Motion is supported by the following Memorandum of Points and Authorities, LRCiv 7.2(j) Certificate of Compliance **(Exhibit A)**, the Declaration of Rebecca L. Craft **(Exhibit B)**, filed concurrently herewith, and pertinent transcript of Plaintiff's Deposition. **(Exhibit C).**

**MEMORANDUM OF POINTS AND AUTHORITES**

Federal Rule of Civil Procedure 30(d)(2) provides that "[t]he court may impose an appropriate sanction--including the reasonable expenses and attorney's fees incurred by any party--on a person who impedes, delays, or frustrates the fair examination of the deponent." Federal Rule of Civil Procedure 30(g)(1) further provides that "[a] party who, expecting a deposition to be taken, attends in person or by an attorney may recover reasonable expenses for attending, including attorney's fees, if the noticing party failed to . . . attend and proceed with the deposition." Federal Rule of Civil Procedure 37(d) provides for a sanction when a party fails to attend his own deposition.

Federal Rule of Civil Procedure 37(a)(1) states that if a party fails to answer an interrogatory submitted under Rule 33 or fails to respond to a request for production submitted under Rule 34, the discovery party may move for an Order compelling an answer or inspection. Here, Plaintiff failed to adequately respond and/or answer Defendant's discovery requests. Plaintiff's responses are needed for Defendant to properly analyze Plaintiff's claim for damages. His responses will impact the case at hand.

On February 5, 2025, the parties conducted their discovery dispute conference concerning Plaintiff's deficient participation in discovery. [Craft Decl., Ex. B, ¶ 5]. In that conference, Defendant's counsel pointedly asked Plaintiff if Non-Uniform Interrogatories Nos. 8 and 13 were tailored, or if the dates were changed, would he voluntarily answer or reconsider answering those interrogatories. Plaintiff stated affirmatively "No". (*Id*., Ex. 1, p. 2, ll 19-27). Counsel asked Plaintiff "If I give you HIPPA releases for five (5) years prior to the Incident, would you sign them?" Plaintiff stated, "I will not sign them". (*Id*., Ex. 1, p. 2, ll 8-10). Plaintiff was asked if he would voluntarily participate in a resumed deposition, to which he also refused. This Motion follows.

## I. BACKGROUND

On November 20, 2023, Plaintiff filed his *pro* se, two-count Complaint, naming Pinal County Sheriff Mark Lamb and Pinal County Sheriff's Deputy B. Gibson as Defendants. Plaintiff alleged two excessive force claims, for which he seeks monetary and

declaratory relief, as well as punitive damages. In the Court's Screening Order (Doc. 6), it was determined the Plaintiff failed to state a claim against Defendant Lamb, and thus dismissed Count Two and Defendant Lamb without prejudice. Defendant Gibson was ordered to answer Count One, the Fourth Amendment excessive force claim, of Plaintiff's Complaint.

On July 9, 2024, Defendant Gibson filed his Answer to Plaintiff's Complaint (Doc. 13). On July 9, 2024, the Court issued its Scheduling Order (Doc. 14) setting forth the Court's expectations concerning case management, and logistics and timing of discovery. In accordance with, and the time limitations imposed by the Scheduling Order, Defendant Gibson propounded his discovery requests and Plaintiff responded. However, Plaintiff has failed to adequately respond and/or answer Defendant's written discovery requests. For purposes of this Motion, these deficient responses are associated with Non-Uniform Interrogatories Nos. 8 and 13, as described in greater detail below.

Additionally, on January 30, 2025, the deposition of Plaintiff was held at an ADOC facility in Florence, Arizona. Prior to the deposition being concluded, Plaintiff refused to participate further with the deposition when the issue of relevant, past injuries was raised. Plaintiff complained that Defendant's counsel had obtained medical information that Plaintiff had not agreed to release. However, the records in question were obtained after Plaintiff provided a release to his current medical/mental health provider who, in turn, provided the information to Defendant's counsel. Those records were formally disclosed to Plaintiff who raised no objection concerning the records until his deposition was underway.

## II. <u>STATEMENT OF THE FACTS</u>

On November 7, 2024, Defendant Gibson propounded upon Plaintiff his Non-Uniform Interrogatories, Set One. The following interrogatories are at issue:

/ /

/ /

/ /

**<u>Non-Uniform Interrogatory No. 8</u>**

<u>Question</u>

Other than the treatment for the event described in response to Interrogatory No. 7 above, provide a full description of any medical treatment (as defined above in Sections E and N above) provided to Plaintiff between January 1, 2015 and the present.

<u>Response</u>

<u>Objection</u>. Overbroad, ambiguous, and burdensome. Plaintiff's medical records going back to 2015 have no bearing on this case, are irrelevant, and not likely to lead to discoverable evidence. Plaintiff is also an incarcerated individual and does not have access to most of these records. Notwithstanding the foregoing objection and without waiving any objection(s), Plaintiff responds as follows: All relevant medical records pertaining to injuries obtained via the alleged excessive force incident from the date of the incident to present, could be released to Defendants if the scope is narrowed.

**<u>Non-Uniform Interrogatory No. 13</u>**

<u>Question</u>

Identify any and all physicians that Plaintiff has obtained treatment with from January 1, 2015 to the present.

<u>Response</u>

<u>Objection</u>. This request is overly broad as it is not limited in scope or context and it is also burdensome. The request is also objectionable because it is not narrowly tailored to seek only relevant and admissible information as to the claims brought by the Plaintiff. Thus, it is a impermissible fishing expedition. Notwithstanding the foregoing objection and without waiving any objection(s), the Plaintiff responds as follows: If the scope of this request was narrowed to physicians and treatment relevant to this claim, the Plaintiff would consider signing a HIPPA Release of Information.

**A. <u>Both Non-Uniform Interrogatory Responses are Deficient</u>**

In Plaintiff's Complaint, he asserts a claim for compensatory damages for "serious bodily injury consisting of optical nerve damage to the right eye, severe bodily injury from

a laceration above the right eye that caused scarring, and psychological terror, including, but not limited to: PTSD, and trust issues of authority figures." (Doc. 1, ep. 3, ¶ 4). Additionally, Plaintiff requests punitive damages in the amount of $175,000 (*Id*., ep. 12, ¶ E). Plaintiff was, admittedly, under the influence of recently ingested methamphetamine during his contact with Detective Gibson. In order for Defendant to properly assess Plaintiff's damages claim, it is necessary to establish if Plaintiff had pre-existing injuries or conditions to the right eye as well as emotional or drug-related issues. Plaintiff refuses to properly respond to or produce records *prior* to his alleged eye injury which is directly relevant to his claimed injuries.

On February 5, 2025, the parties conducted their LRCiv.12.1 conference concerning the discovery responses in dispute. [Craft Decl., Ex. B, ¶ 5]. In that conference, Defendant's counsel pointedly asked Plaintiff if Non-Uniform Interrogatories Nos. 8 and 13 were tailored, or if the dates were changed, would he voluntarily answer or reconsider answering those interrogatories. Plaintiff stated affirmatively "No". (*Id*., Ex. 1, p. 2, ll 19-27). Counsel asked Plaintiff "If I give you HIPPA releases for five (5) years prior to the Incident, would you sign them?" Plaintiff stated, "I will not sign them". (*Id*., Ex. 1, p. 2, ll 8-10). Plaintiff was asked if he would voluntarily participate in a resumed deposition, to which he also refused.

Defendant requires the requested medical information/records to determine any pre-existing causation and for review by medical experts in support of their medical opinions concerning testimony. Without the requested medical information, Defendant is unable to properly analyze Plaintiff's alleged damages.

### B. Plaintiff Refused to Sign Reasonable HIPAA Release, Thus Frustrating Defendant's Ability to Assess Plaintiff's Current Damage Claim, or Establish that His Claimed Injuries Were Caused In a Manner Other This His Encounter with Defendant.

On December 18, 2024, Defendant sent a letter to Plaintiff requesting signed HIPAA releases for medical records. (*Id*., Ex. 2). On December 12, 2024, Plaintiff responded to Defendant's correspondence returning the executed HIPPA releases however,

Plaintiff redacted Defendant's version by inserting dates to exclude any historical records prior to the Incident date. (*Id*., Ex. 3). Additionally, Mr. Latham's correspondence states that he requested his medical records from Wexford Health Services, Inc. [Naphcare] by completing a Release of Information ("ROI") at the facility. (*Id*., Ex. 4). On January 6, 2025, undersigned counsel's paralegal, Rebecca Craft received an email from Naphcare enclosing Plaintiff's medical records. (*Id*., Ex. 5). Within that production, it was discovered that Plaintiff did in fact have a prior, serious right eye injury 11 months before the Incident in this matter. In the Naphcare produced medical records, it is indicated that Plaintiff stated to medical personnel that he was "hit in the right eye with a rock 3 days ago [May 16, 2022] and has had difficulty seeing out of the eye since. . . . [R]eports photophobia and generalized discomfort of the eyeball." It is also noted that Plaintiff suffers from cataracts, which is the cause of his loss of vision and photophobia. [*Id*., Ex. 6].

It is clear that Plaintiff attempts to hide or preclude pre-existing causation relative to his medical damages claims.

### C. Plaintiff Walked Out of His Own Deposition After Being Confronted With His Prior Right Eye Injury and Well-Before the Deposition Had Formally Concluded.

On January 30, 2025, Plaintiff's deposition was held in Florence, Arizona at the Arizona Department of Correction, Cook Unit Visitation (**Exhibit C**, Cover page, pg. 2). The deposition commenced at 10:00 a.m., and ended at 12:33 p.m. (*Id.,* pgs. 2, 139). Prior to the end of the deposition, Plaintiff refused to answer any questions related to anything prior to his encounter with Defendant, including whether he had seriously injured his right eye a mere 11 months prior to his encounter with Defendant. (Ex. C, pgs. 136-139). When asked about that injury, Plaintiff said "I'm done with this this. He's not obeying by the rules," and left his deposition prior to its conclusion. (*Id.*).

## III. <u>LEGAL ANALYSIS</u>

### A. Federal Rules of Civil Procedure 37

Federal Rule of Civil Procedure 37(a) states that "[a] party seeking discovery may move for an order compelling an answer, designation, production or inspection if a party

fails to answer an interrogatory submitted under Rule 33." FRCP (a)(B)(iii). Federal Rule 37(d) also authorizes sanctions against a party who fails to attend his own deposition.

**B. Questions were Within the Proper Scope of Discovery**

Under Federal Rules of Civil Procedure 33(a)(2), a party may serve on any other party interrogatories that may relate to any matter under Federal Rule of Civil Procedure 26(b). Defendant served his Non-Uniform Interrogatories upon Plaintiff and Plaintiff objected and failed to properly respond to the request. To date, Plaintiff has not prepared or made disclosure of any kind, and due to the lack thereof, Defendant is requesting that this court entered an Order compelling information pertinent to Plaintiff's injuries, past and present. It is the duty of the Plaintiff to provide discovery regarding a matter that is relevant to Defendant's defense and the amount in controversy. Moreover, Plaintiff is purposefully hiding past medical issues that are relevant to this case, i.e., his prior eye injury. Accordingly, Defendant respectfully requests Plaintiff be compelled to answer completely, and without objection, Interrogatories 8 and 13, and to provide signed HIPAA releases for a period spanning from five (5) years prior to his encounter with Detective Gibson through the present day.

Under Federal Rule of Civil Procedure, and this Court's Scheduling Order, Defendant has the right to depose Plaintiff. However, Plaintiff walked out of his deposition prior to its completion, and only 2.5 hours after it had started. The questioning that caused Plaintiff to leave his deposition included the topic of a prior right eye injury. In this case, Plaintiff not only claims a traumatic right eye injury caused by Detective Gibson, but has actively hidden that he had experienced a prior, right eye injury in 2022 caused by a flying rock.

/ /

/ /

/ /

/ /

/ /

**V. <u>CONCLUSION</u>**

Plaintiff attempts to hide or preclude pre-existing causation relative to his medical damages claims. Defendant is entitled to discovery that will elicit information related to Plaintiff's injuries as alleged in his Complaint. It is directly relevant to Plaintiff's claims for damages.

Accordingly, Defendant Gibson respectfully requests that the Court compel Plaintiff to provide proper responses to Defendant's Non-Uniform Interrogatories 8 and 13, execute reasonable HIPAA release, and is compelled to attend his deposition to conclusion. A proposed Order effecting these requests is attached hereto as **Exhibit D.**

RESPECTFULLY this 10th day of March, 2025.

JELLISON LAW OFFICES, PLLC

s/ James M. Jellison
James M. Jellison, Esq.
*Counsel Defendant Gibson*

**CERTIFICATE OF FILING & SERVICE**

I hereby certify that on March 10, 2025, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing with service on the following registrants, or by mail if not a registrant:

***Hard Copy Mailed via First Class Mail***

Arizona Department of Corrections
ASPC – Eyman – Cook Unit
**Tomas A. Latham – ADC # 152032**
PO Box 3200
Florence, AZ 85132
E: eym_cook_sender@azcorrections.gov
*Plaintiff pro per*

By: s/ Rebecca L. Craft